**NOT FOR PUBLICATION**

FILED

DEC 11 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

# UNITED STATES COURT OF APPEALS

# FOR THE NINTH CIRCUIT

| | |
|---|---|
| CALIFORNIA VALLEY MIWOK TRIBE et al., | No. 17-16321 |
| Plaintiffs-Appellants, | D.C. No. 2:16-cv-01345-WBS-CKD |
| v. | |
| RYAN K. ZINKE, in his official capacity as U.S. Secretary of Interior; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| CALIFORNIA VALLEY MIWOK TRIBE et al., | |
| Intervenor-Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted November 15, 2018
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GRABER, THACKER,** and BENNETT, Circuit Judges.

Plaintiff California Valley Miwok Tribe ("Tribe"), represented by the Burley Council, appeals from summary judgment entered in favor of Defendants the California Valley Miwok Tribe, represented by the Dixie Council, and the United States. The district court held that the 2015 Decision ("Decision") by the Assistant Secretary–Indian Affairs ("Assistant Secretary") did not violate the Administrative Procedure Act ("APA"). Reviewing de novo, Chemehuevi Indian Tribe v. Jewell, 767 F.3d 900, 903 (9th Cir. 2014), we affirm.

The district court correctly held that the Decision did not violate the APA.[1] Tribal membership is a matter to be determined by the tribe, Santa Clara Pueblo v. Martinez, 436 U.S. 49, 72 n.32 (1978), but the Department of the Interior also has the responsibility to ensure that organized tribes are representative of potential membership, Aguayo v. Jewell, 827 F.3d 1213, 1226 (9th Cir. 2016). The Decision comported with that responsibility.

The Assistant Secretary recounted the Tribe's long litigation history but did not rely on those earlier court holdings to reach a decision. Instead, the Assistant

---

** The Honorable Stephanie Dawn Thacker, Circuit Judge for the United States Court of Appeals for the Fourth Circuit, sitting by designation.

[1] We assume, without deciding, that issue preclusion does not bar our consideration of these issues on the merits.

2

Secretary independently examined the facts and the law, before determining that the Tribe was not reorganized, that its membership is not limited to five individuals, and that the United States does not recognize leadership of the tribal government. The Decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law, and therefore did not violate the APA. Aguayo, 827 F.3d at 1226.

**AFFIRMED.**

3